# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| H&R BLOCK TAX SERVICES, INC. § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CASE NO:  08-CV-00037 |
| JACKSON HEWITT TAX SERVICE, INC. § | |
| § | |
| Defendant. § | |
| § | |
| § | |
| § | |

## PLAINTIFF H&R BLOCK'S MOTION FOR LEAVE TO AMEND COMPLAINT AND DOCKET CONTROL ORDER

Plaintiff H&R Block Tax Services LLC ("H&R Block")[1] requests leave to amend its complaint and moves to amend the docket control order pursuant to Federal Rules of Civil Procedure 16(b), Local Rule CV-7, and Patent Rule 3-6 to allow H&R Block to add a patent infringement claim for an additional Jackson Hewitt product.

H&R Block just discovered that Jackson Hewitt intends to release a product this month that will infringe another of its patents.  The amendment adds a new patent and product to the case, but the amendment would conserve party and judicial resources due to the overlap between the cases and the natural savings attributed to consolidation.

Although the parties just completed their infringement and invalidity contentions, the court can amend the docket control order to allow for the amended contentions while still preserving the *Markman* hearing date of October 1, 2009 and trial date of May 10, 2010.

---

[1] H&R Block Tax Services LLC is the successor by merger to the original plaintiff in this case, H&R Block Tax Services, Inc., effective July 1, 2008.  H&R Block also amends its complaint to identify the new patent owner, but does not require leave for this change under the Docket Control Order.

## FACTS

H&R Block and Jackson Hewitt are competitors and the largest providers of US income tax preparation services.

As alleged in H&R Block's original complaint, Jackson Hewitt infringes two H&R Block patents through its ipower CashCard program. *Complaint*, Doc. No. 1, at ¶¶ 6-10. The patents cover, for example, specific systems to provide customer tax refunds or anticipated tax refunds on a debit card. *See Patents*, Doc. No. 1, at Ex. A and B. Jackson Hewitt allows its customers to fund an ipower CashCard with tax refund products. *Complaint*, Doc. No. 1, at ¶¶ 9-10.

H&R Block owns another patent related to a type of preseason loan offered to clients at the end of the calendar year before the tax season starts. The patent covers a system to provide a type of loan before the end of the calendar year based on historical tax refund data and year-to-date income or job verification information. *Amended Complaint*, filed concurrently herewith.

When H&R Block filed its original complaint in early 2008, Jackson Hewitt had abandoned its preseason loan product. Jackson Hewitt had offered such a product called the Holiday Express Loan Program ("HELP") at the end of 2006. *Advertisement,* Ex. A. Jackson Hewitt publicly withdrew the product from the market in early 2007 when the sponsoring banks withdrew support for the HELP and other preseason loans. *Announcement*, Ex. B. .H&R Block believed that the HELP product violated the preseason loan patent. However, because Jackson Hewitt had abandoned its preseason loan product, H&R Block did not include the product or preseason loan patent in its original complaint.

Jackson Hewitt recently announced that it will offer a preseason loan product to remedy slow sales from last season. Jackson Hewitt blamed disappointing sales for 2007 in part on its lack of a pre-season loan product, stating:

> Contributors to the overall decline in the number of tax returns prepared were as follows:
>
> (i) *Lack of a pre-season product to help attract customers into our stores in January and early February timeframe.* We not only lacked a pre-season product but we also underestimated the retention impact this would have on our early season results. For the first month of the 2008 tax season, we were down approximately 300,000 tax returns as compared to the first month of last tax season (on a day over day comparative basis). Although we experienced growth in the late season, we were not able to completely overcome our slow start.

*Jackson Hewitt 10-K*, Ex. C. In response, Jackson Hewitt announced in a recent earning call that it intends to offer a preseason product for the end of this year, but did not specify any details about the product. *Transcript*, Ex. D (I can't share specific product or launch details but it remains our intention to make a powerful impact in the early season).

Although Jackson Hewitt has still not published information about its product, H&R Block has recently obtained information which suggests that Jackson Hewitt will offer an infringing preseason loan soon. *Transcript of Jackson Hewitt Voicemail Message*, Ex. E (Starting November 21, you can bring in your latest paycheck stub and apply for a line of credit of $300 or $500 after completing a tax planner). Jackson Hewitt's branch offices indicate that they will offer a preseason loan product by November 21, 2008. *Id.* Jackson Hewitt reports that it will provide the loan to its previous customers who bring current year income information. *Id.* Based on this information and the knowledge of Jackson Hewitt's abandoned preseason loan product, H&R Block believes that the new product will infringe its preseason loan patent.

In the amended complaint, H&R Block alleges that the Jackson Hewitt infringes its preseason loan patent by offering the new product.

Under the current docket control order, the parties just completed their infringement and invalidity contentions. *Docket Control Order,* Doc. No. 24 (infringement contentions due September 11, 2008, and invalidity contentions due November 14, 2008). H&R Block proposes

to modify the docket control order to accommodate the new claim of infringement without disturbing the current October 2009 *Markman* hearing and May 2010 trial dates as follows:

| Action | Current | Proposed |
|---|---|---|
| P.R. 3-1 and 3-2: Infringement Contentions | 9-11-08 | 12-3-08 |
| P.R. 3-3 and 3-4: Invalidity Contentions | 11-14-08 | 2-11-09 |
| P.R. 4-1: Exchange claim terms | 1-14-09 | 2-18-09 |
| P.R. 4-2: Exchange claim constructions | 3-18-09 | 3-25-09 |
| P.R. 4-3: Joint claim construction statement | 4-8-09 | 4-15-09 |
| *Markman* technical advisors | 4-22-09 | 4-24-09 |
| Discovery deadlines for claim construction | 6-10-09 | 6-10-09 |
| Tutorials due | 6-24-09 | 6-24-09 |
| P.R. 4-5(a): Opening *Markman* Brief | 7-15-09 | 7-15-09 |

## ARGUMENT AND AUTHORITIES

**1.  This court may grant leave to amend the complaint and docket control order upon a showing of good cause**

H&R Block seeks to add a claim for infringement involving a new patent and product after its infringement contention deadline of September 11, 2008.  Accordingly, H&R Block must obtain leave of court under Patent Rule 3.6 to amend its complaint and contentions.  *See Docket Control Order,* Doc. 24 (requiring leave of court under Patent Rule 3-6 when amendment to complaint would affect patent contentions).  Patent Rule 3-6 allows for amendments only upon leave of court granted upon a showing of good cause.

Under the good cause standard, H&R Block must show that, despite its exercise of diligence, it could not reasonably meet the scheduling deadlines.  *S & W Enterprises, L.L.C. v.*

*South Trust Bank of Alabama,* 315 F.3d 533, 535 (5th Cir. 2003).  In considering whether "good cause" exists to grant leave to amend, courts have broad discretion to consider the following factors:

> (1) the explanation for the failure to meet the deadline;
>
> (2) the importance of the amendment;
>
> (3) potential prejudice in allowing the amendment; and
>
> (4) the availability of a continuance to cure such prejudice.

*S & W Enterprises,* 315 F.3d at 535-36 (setting forth factors to consider for leave to amend pleading after deadline in scheduling order); *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845, 850-51 (E.D. Tex. 2004) (Judge Davis applying same factors for leave to amend disclosure of contested patent claims).  Among the factors that would preclude granting leave are "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Computer Acceleration Corp v. Microsoft Corp.*, 2007 U.S. Dist LEXIS 58649, at *4.

Once the court determines that good cause exists to grant leave to amend a complaint, the motion is assessed under Federal Rules of Civil Procedure 15(a), which states that "leave shall be freely given when justice so requires."  *S & W Enterprises,* 315 F.3d at 535-36 ("Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.").

As discussed below, H&R Block did not unduly delay or act in bad faith by not including this patent in its original complaint.  Rather, H&R Block requests leave to amend within days of

discovering the patent infringement, and adding the claims will promote judicial efficiency without prejudice to Jackson Hewitt.

2. **H&R Block just learned that Jackson Hewitt intends to release an infringing preseason loan product**

H&R Block seeks leave to add the preseason loan patent and product to this case days after learning about the expected release of the infringing Jackson Hewitt product. H&R Block could not have added the patent claim to its original complaint or recent infringement contentions because Jackson Hewitt had not released the product or public information about the product.

In applying the local patent rules, this district has allowed parties to amend patent contentions upon the discovery of new evidence followed by a diligent motion for leave to amend. In *Computer Acceleration Corp. v. Microsoft Corp.*, Microsoft sought to amend its invalidity contentions to include an additional prior art reference. 481 F.Supp.2d 620, 626 (E.D. Tex. 2007). The court granted the motion because it was filed eleven days after Microsoft discovered the additional piece of prior art. *Id. Compare Softvault Sys. v. Microsoft Corp.*, 2007 U.S. Dist. LEXIS 33060, at *4 (denying leave to amend when "new" information was publicly available before filing suit).

Here, H&R Block became aware of Jackson Hewitt's intention to provide an infringing preseason loan product only this week. Jackson Hewitt announced in early September that it would offer an early season credit product, but did not share specific product details. *Jackson Hewitt Earnings Call Transcript*, Ex. D (I can't share specific product or launch details but it remains our intention to make a powerful impact in the early season). To date, Jackson Hewitt has not published written information about its new product. However, H&R Block learned this week from Jackson Hewitt branch offices that it will offer a preseason loan starting this

November 21st for prior customers using year to date income information.  *Transcript*, Ex. E (Starting November 21, you can bring in your latest paycheck stub and apply for a line of credit of $300 or $500 after completing a tax planner).  Based upon this information, and information about Jackson Hewitt's previous preseason loan product, H&R Block believes that the new product will infringe its preseason loan patent.  *See ConnecTel, LLC v. Cisco Sys.*, 2006 U.S. Dist. LEXIS 46015, at *6 (allowing amended claims when some facts supporting the claim occurred before the deadline to amend because some of the most important facts supporting the claim occurred after the deadline).

Although Jackson Hewitt offered another preseason loan product before H&R Block filed this suit, H&R Block should be able to amend its claim now because Jackson Hewitt abandoned the previous infringing product well before this suit.  Jackson Hewitt offered an infringing preseason loan product in 2006 called "Holiday Express Loan Program" ("HELP").  *Advertisement,* Ex. A.  Jackson Hewitt abandoned the product for 2007 when the sponsoring banks refused to support the product.  *Announcement*, Ex. B.  Accordingly, when H&R Block filed this suit in 2008, H&R Block did not have an on-going business dispute with Jackson Hewitt over any preseason loan product and elected not to tie up party and judicial resources on a past dispute that did not affect future business interests.  Now that Jackson Hewitt intends to resurrect its preseason loan product, the product and patent have become an on-going business concern that compels H&R Block to seek an injunction against further use of the product.  *See ConnecTel,* 2006 U.S. Dist. LEXIS 46015, at *6 (allowing amended claims for unclean hands based on facts occurring pre-suit and after the deadline to amend).

3.  **Adding the preseason loan patent claims to this suit would conserve party and judicial resources due to overlap between the claims**

Adding the new preseason patent claims to the present suit would conserve party and judicial resources because of the natural process of consolidation and the factual overlap between the claims. H&R Block acknowledges that the preseason loan patent claim is not a necessary claim to the pending action, but consolidation of the claims makes sense when considering the factual overlap and the resulting conservation of resources, including:

(a)  Robert D. Wilson is the named inventor on the originally asserted patents and the preseason loan patent, therefore there is an overlap in discovery;

(b)  Jackson Hewitt will allow preseason loan customers to get loan proceeds on the ipower CashCard accused of infringing in the original complaint, again providing overlap with discovery and potentially with damage theories; and

(c)  Consolidating the cases allows the parties and courts to conserve resources through one set of *Markman* briefing, *Markman* hearing, pretrial orders and trial.

4.  **The amendment will not prejudice Jackson Hewitt because the proposed docket control provides Jackson Hewitt ample time to respond while preserving the current *Markman* and trial dates**

Although Jackson Hewitt may argue prejudice because its invalidity contentions are due on November 14, 2008, the court can grant Jackson Hewitt sufficient time to prepare its contentions while still preserving the primary dates for the *Markman* hearing and the trial.

In the current docket control order, the court set the *Markman* hearing for almost a year from now on October 1, 2009, which leaves ample time for the parties to investigate, conduct discovery, and brief the *Markman* issues before the hearing. H&R Block can provide its infringement contentions for the new product in the next few weeks (allowing for the product to be released and publicly detailed by November 21). Jackson Hewitt can have almost 3 months from now to submit invalidity contentions for the new product. After that, the remainder of the

pre-*Markman* briefing schedule requires minimal adjustment, and the court can preserve the original *Markman* briefing and hearing schedule, as follows:

| Action | Current | Proposed |
|---|---|---|
| P.R. 3-1 and 3-2: Infringement Contentions | 9-11-08 | 12-3-08 |
| P.R. 3-3 and 3-4: Invalidity Contentions | 11-14-08 | 2-11-09 |
| P.R. 4-1: Exchange claim terms | 1-14-09 | 2-18-09 |
| P.R. 4-2: Exchange claim constructions | 3-18-09 | 3-25-09 |
| P.R. 4-3: Joint claim construction statement | 4-8-09 | 4-15-09 |
| *Markman* technical advisors | 4-22-09 | 4-24-09 |
| Discovery deadlines for claim construction | 6-10-09 | 6-10-09 |
| Tutorials due | 6-24-09 | 6-24-09 |
| P.R. 4-5(a): Opening *Markman* Brief | 7-15-09 | 7-15-09 |

## CONCLUSION

For the reasons set forth above, H&R Block respectfully requests leave to amend its complaint to incorporate the preseason loan patent and to amend the docket control order in accord with the attached to allow for amended infringement contentions.

Dated:  November 14, 2008

    /s/Charles B. Walker, Jr.
Charles B. Walker, Jr.
State Bar No. 00794808
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone:  713/651-5203
Facsimile:  713/651-5246
Email: cwalker@fulbright.com

Jeffrey S. Standley
F. Michael Speed, Jr.
STANDLEY LAW GROUP LLP
495 Metro Place South, Suite 210
Dublin, Ohio 43017
Telephone: 614/792-5555
Facsimile: 614/792-5536

**ATTORNEYS FOR PLAINTIFF
H&R BLOCK TAX SERVICES, INC.**

**Certificate of Service**

I hereby certify that a true and correct copy of this motion was served by certified mail return receipt requested on this the 14th day of November, 2008 upon:

COUNSEL FOR DEFENDANT:
Guy N. Harrison
Attorney at Law
217 North Center Street
Longview, TX  75601
Tel: (903) 758 7361
Fax: (903) 753-9557
guy@gnhlaw.com
*Via first class mail and email*

Daniel A. DeVito
 Tel: (212) 735-3210
 Fax: (917) 777-3210
 Email: ddevito@skadden.com
Marti A. Johnson
 Tel: (212) 735-3836
 Fax: (917) 777-3836
 Email: marjohns@skadden.com
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
*Via email*

/s/Charles B. Walker, Jr.

**Certificate of Conference**

Pursuant to Local Rule CV-7(h), counsel for H&R Block conferred in a good faith effort with the counsel of record for the Jackson Hewitt in this case on November 14, 2008 in an attempt to resolve the merits of this motion.  Counsel for Jackson Hewitt could not reach a decision before H&R Block filed it, and H&R Block believes it must be filed diligently.  This Motion is therefore submitted to the Court for determination.

/s/Charles B. Walker, Jr.