IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

H&R BLOCK TAX SERVICES, INC.,
*Plaintiff,*

v.

JACKSON HEWITT TAX SERVICE, INC.
*Defendant.*

CIVIL ACTION NO.
6:08-cv-37
JUDGE LEONARD E. DAVIS

## JACKSON HEWITT TAX SERVICE INC.'S OPPOSITION TO H&R BLOCK'S MOTION TO AMEND THE COMPLAINT AND BRIEF IN SUPPORT

Plaintiff, H&R Block Tax Services LLC ("H&R Block") has moved this Court for leave to amend its complaint to add an additional patent infringement claim arising from an additional, unrelated patent. H&R Block has also requested leave to amend the Court's docket control order to add new discovery deadlines, which would be necessitated by the added patent claim. Jackson Hewitt Tax Service Inc. ("Jackson Hewitt") opposes both of Plaintiff's requests.

I.  Jackson Hewitt Opposes Plaintiff's Motion to Amend the Complaint

Plaintiff's motion is not timely. This action was filed nearly a year ago on Feb. 8, 2008 (Doc. 1). Taking into account the issues joined by the original Complaint and Defendant's Answer, relevant potential discovery, and required Court proceedings, including a Markman hearing, a Docket Control Order was entered by this Court (Doc. 24). Pursuant to that Order, and this Court's Local Rules, meaningful and extensive activity has taken place. Both parties have served voluminous document productions, Plaintiff has served its infringement contentions, and deposition discovery has begun. Importantly, Jackson Hewitt has conducted extensive prior

art searching based on the patents currently in suit and has served its preliminary invalidity contentions.

Yet now, after the parties have been actively pursuing discovery for many months, Plaintiff seeks to add an additional, unrelated patent to this case, U.S. Patent No. 7,127,425 (the "'425 Patent"). The '425 Patent is not related to the patents currently in suit. As such, it will require entirely new discovery and prior art analysis by Jackson Hewitt and will only further complicate the Markman hearing and trial. Indeed, the addition of an unrelated patent will only serve to confuse a jury, which currently will only be considering two related patents. Moreover, according to the statements made by Plaintiff in its motion, it could have included the '425 Patent in the original complaint.

Both parties have served their contentions and accompanying productions pursuant to Patent Rules 3-1 through 3-4. Because the addition of a new patent at this stage in the case would necessarily require supplemental contentions at a time when the deadline has passed under the Patent Rules and this Court's Docket Control Order, Plaintiff must show good cause to amend its complaint. *See* Patent Rule 3-6; Fed. R. Civ. P. 16(b); *S&W Enters. L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003) ("Several circuits, as well as district courts within our circuit, have applied Rule 16(b) when leave to amend would require modification of the scheduling order. We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.") (footnotes omitted)

To demonstrate good cause, Plaintiff must show that it could not have reasonably met the scheduling deadlines as laid out by the Court. *See S.W. Enters.*, 315 F.3d at 535. In determining whether a party has shown good cause, courts consider the following factors: "'(1)

the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F. 3d 253, 257 (5th Cir. 1997) (alterations in original) (citation omitted)). Only upon a showing of good cause will the more liberal standard of the Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a) apply. *See id.* at 535-36 ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply. . . ."). Plaintiff here has failed to meet its burden to show good cause because: (a) it has not provided a reasonable explanation for its untimely motion to amend; and (b) Jackson Hewitt will be prejudiced by the amendment.

  A. <u>Plaintiff Has Failed to Provide a Reasonable Explanation for its Untimely Motion</u>

    Plaintiff moved to amend its complaint to add a claim against Jackson Hewitt's "early season credit product" or "pre-season loan product" (hereinafter, the "2008 pre-season loan product" or "2008 product"), which was to launch soon after the filing of Plaintiff's motion. (Plaintiff H&R Block's Motion for Leave to Amend Complaint and Docket Control Order at 3, 6, *H&R Block Tax Services, Inc. v. Jackson Hewitt Tax Service Inc.*, No. 6:08-cv-00037 (Nov. 14, 2008) (hereinafter, "Pl. Br.").) Plaintiff contends that it did not unduly delay in seeking to add this claim because it just recently obtained sufficient detail about the 2008 product to warrant a claim of infringement. (Pl. Br. at 3, 6.) As support, Plaintiff cites case law holding that amended claims should be allowed where "some of the most important facts that form the basis of the [amended] claims only just occurred." *Connectel, LLC v. Cisco Sys., Inc.*, No. 2:04-CV-396, 2006 WL 1879645, at *2 (E.D. Tex. July 6, 2006), *cited in* (Pl. Br. at 7). However, neither of the

two pieces of support offered by Plaintiff for now seeking amendment of its Complaint "only just occurred."

Plaintiff argues that it only recently obtained sufficient information to assert an infringement claim against Jackson Hewitt's 2008 pre-season loan product based on two sources of information: (1) the (undated) transcript of a voicemail message stating that a Jackson Hewitt customer "can bring in your latest paycheck stub and apply for a line of credit of $300 or $500 [i.e., the pre-season loan] after completing a tax planner"; and (2) information regarding a previous Jackson Hewitt preseason loan product. (Pl. Br. at 6-7 and Ex. E.) However, by its own admission, Plaintiff had access to identical information, at a minimum, three months ago.

Plaintiff's first piece of supposedly new information amounts to a statement indicating that pay stubs, or year-to-date income, may be involved in the application process for the 2008 pre-season loan product. (Pl. Br. at Ex. E.) However, a call transcript from early September, which Plaintiff cites as not having provided it with sufficient detail to warrant an infringement claim, actually includes this very same information. (Pl. Br. at Ex. D.) Indeed, the cited call transcript from early September describes Jackson Hewitt's proposed pre-season product as a way to compete against the pay-stub filings that occur with the opening of tax season, which estimate tax refunds/returns based on pay stubs, or year-to-date income. (Pl. Br. at Ex. D.) Therefore, according to Plaintiff's own documents, the same information that it now argues justifies the late addition of the '425 Patent to this action was publicly available at least in early September, prior to the deadlines for infringement and invalidity contentions. (Pl. Br. at Ex. D.)

As its second piece of support, Plaintiff relies on the details of a prior Jackson Hewitt pre-season loan product, the Holiday Express Loan Program, which was last offered in

2006 (hereinafter, the "2006 pre-season loan product" or "2006 product"). (Pl. Br. at 7.) Plaintiff alleges without support that Jackson Hewitt's 2006 product functions similarly to the newly accused 2008 product, stating simply that "[b]ased [on] information about Jackson Hewitt's previous preseason loan product, H&R Block believes that the new product will infringe its preseason loan patent." (Pl. Br. at 7.) Plaintiff argues that Jackson Hewitt's 2006 pre-season loan product infringed the '425 Patent, and, thus, the new 2008 pre-season loan product infringes as well. Yet not only is this comparison wholly groundless, Plaintiff admits that it affirmatively chose not to include the '425 Patent and the allegedly infringing 2006 product when it filed this action ten months ago. (Pl. Br. at 7.) Instead Plaintiff waited nearly a year to use this 2006 product as a means to bootstrap this unrelated patent into the case after extensive discovery has occurred and infringement and invalidity contentions have been served.

    Plaintiff has unduly delayed moving to add the '425 Patent to this action. By its own admission, Plaintiff had access in early September, prior to the deadlines for infringement and invalidity contentions, to the same information about Jackson Hewitt's 2008 pre-season loan product that it now argues justifies adding a new patent claim and an unrelated patent to this action. Further, according to the assertions in Plaintiff's brief about Jackson Hewitt's prior products, Plaintiff believed it had reason to include this unrelated patent at the inception of this lawsuit. It decided not to do so, instead waiting until ten months of discovery had elapsed. Based on its own arguments, Plaintiff could have asserted the '425 Patent when it first filed this action, and it could have then timely included the 2008 Jackson Hewitt pre-season loan product in its original infringement contentions. Plaintiff has no reasonable explanation for this delay.

B. <u>Amending the Complaint Will Prejudice Jackson Hewitt</u>

Adding the unrelated '425 Patent to the case now will certainly prejudice Jackson Hewitt. The '425 Patent is not related to the patents currently in suit and, indeed, addresses different subject matter. Jackson Hewitt will have to undertake a completely new and distinct prior art search and analysis, at a time after its preliminary invalidity contentions have been served. Extensive additional discovery will be needed, not only party discovery, but also third party discovery. Indeed, as Jackson Hewitt's preliminary invalidity contentions show, much of the most relevant prior art in this field is in the form of prior use prior art, the investigation of which requires significant third party discovery. To now force Jackson Hewitt to go back and perform new prior art searches and inquiries regarding the '425 Patent and to draft new invalidity contentions for this additional patent will unduly and unnecessarily burden Jackson Hewitt. *See Semiconductor Energy Lab. Co. v. Sanyo N. Am. Corp.*, No. C.A. 00-018-GMS, 2001 WL 194303, at *3 (D. Del. Feb. 22, 2001) (denying a motion to add patents to a complaint after a four month delay, stating, "The correct inquiry for the court is what prejudice results from the late addition of the claims rather than prejudice from the nature of the claims added. The four month delay comes at a point where discovery is substantially complete and would require the parties to engage in additional discovery.") (citation omitted)

Plaintiff had the ability to assert the '425 Patent ten months ago when it filed this action, and it chose not to. Failing that, Plaintiff also could have sought an amendment to add the '425 Patent and a claim against Jackson Hewitt's 2008 pre-season loan product three months ago, before its infringement contentions were due and long before Jackson Hewitt's invalidity contentions were due. Yet it also chose not to do that. Instead Plaintiff waited until after Jackson Hewitt had already expended extensive effort to prepare invalidity contentions in

reliance on Plaintiff's infringement contentions to raise the notion of adding this patent and this claim to the case. The prejudice to Jackson Hewitt greatly outweighs any potential efficiency and benefit of adding the '425 Patent to this action, both of which only inure to Plaintiff, the party who created the delay in the first place.

II. Should the Court Grant Plaintiff's Motion to Amend, Jackson Hewitt Opposes Plaintiff's Proposed Changes to the Docket Control Order

Should the Court grant Plaintiff's motion to amend its complaint, Jackson Hewitt opposes Plaintiff's proposed changes to the Docket Control Order and requests that it be allowed to work with Plaintiff to come to agreement on a mutually satisfactory schedule, which can then be jointly proposed to the Court. The schedule proposed by Plaintiff in its motion allows Jackson Hewitt only two months after the receipt of Plaintiff's amended infringement contentions to prepare amended invalidity contentions. Two months does not provide sufficient time for Jackson Hewitt to perform the extensive third party and prior art discovery that will necessarily underlie the creation of amended invalidity contentions. Moreover, the two months in question falls over the holidays and the year end, the time of the year when it is most difficult to obtain discovery from third parties because of work holidays, employee vacations, and year end business concerns. So should the Court be inclined to grant Plaintiff's motion to amend its complaint, Jackson Hewitt respectfully requests that it deny Plaintiff's request to also amend the Docket Control Order, instead ordering the parties to jointly submit a proposed schedule.

III. Conclusion

Plaintiff has requested leave to amend its complaint to add the '425 Patent and a claim against Jackson Hewitt's 2008 pre-season loan product and to amend the Docket Control to provide new contentions deadlines to accommodate this additional patent. Jackson Hewitt respectfully requests the Court deny Plaintiff's motion because Plaintiff did not pursue these

claims in a timely manner, when it had every opportunity to do so, and because it has not provided a reasonable explanation for its delay. Alternatively, Jackson Hewitt requests the Court deny Plaintiff's motion because the addition of another patent to the action at this stage in the case would greatly prejudice Jackson Hewitt. However, should the Court be inclined to grant Plaintiff's motion to amend, Jackson Hewitt requests the Court reject Plaintiff's proposed amendments to the docket control order in favor of allowing both parties to work to propose a joint revised schedule.

Dated: December 2, 2008                                    Respectfully submitted,


/s/ Guy N. Harrison
Guy N. Harrison
Attorney at Law
217 N. Center Street
Longview, Texas 75606
Tel: (903) 758-7361
Fax: (903) 753-9557
guy@gnhlaw.com

OF COUNSEL:

Daniel A. DeVito
Marti Johnson
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
Tel: (212) 735-3000
Fax: (212) 735-2000
daniel.devito@skadden.com
marti.johnson@skadden.com

Charles Schwartz
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
1000 Louisiana, Suite 6800
Houston, Texas 77002
Tel: (713) 655-5160
Fax: (888) 329-2286

charles.schwartz@skadden.com

*Attorneys for Defendant*
JACKSON HEWITT TAX SERVICE, INC.

## CERTIFICATE OF SERVICE

The undersigned true copy of the attached JACKSON HEWITT TAX SERVICE, INC.'S RESPONSE OPPOSING H&R BLOCK'S MOTION TO AMEND THE COMPLAINT AND BRIEF IN SUPPORT was served on the following attorneys of record on December 2, 2008 via first class mail.

By: /s/ Mia Volkening