**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **H&R BLOCK TAX SERVICES, INC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO:  08-CV-00037** |
| **JACKSON HEWITT TAX SERVICE, INC.** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |
| | § | |

**PLAINTIFF H&R BLOCK'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO AMEND COMPLAINT AND DOCKET CONTROL ORDER**

H&R Block could not have added the preseason loan patent claim any earlier and

adding it now will not prejudice Jackson Hewitt because:

(a)     H&R Block could not have amended its infringement claim in September as
argued by Jackson Hewitt because Jackson Hewitt did not release any details
about the product except that it "competes" with products that could infringe.

(b)     H&R Block did not include the preseason loan patent in its original complaint
because Jackson Hewitt abandoned its first infringing product in early 2007.

(c)     Jackson Hewitt will not be significantly prejudiced because the parties have
sufficient time to complete discovery and briefing on the added patent before the
October 2009 *Markman* hearing and May 2010 trail.

Jackson Hewitt also opposes the proposed amended docket control order without

alternate dates.  H&R Block remains willing to cooperate with Jackson Hewitt on dates so

long    as    the    schedule    preserves    the    current    *Markman*    hearing    and    trial    dates.

70447252.3

1.      **Jackson Hewitt did not release any specifics about its preseason product until days before H&R Block moved to amend the complaint**

Jackson Hewitt argues that H&R Block should have added the preseason loan patent in September.  What Jackson Hewitt fails to mention is that it withheld substantive details about the product until recently that prevented H&R Block from asserting the claim earlier.

In September, Jackson Hewitt announced that it intended to release a preseason product, but did not release any further information that would enable H&R Block to evaluate infringement.  Jackson Hewitt described the product as "compete[ing] against pay stub filings," but could not share product details yet.  *Transcript,* Ex. D to Motion for Leave (I can't share specific product or launch details but it remains our intention to make a powerful impact in the early season).  Jackson Hewitt did not state or suggest what information would be used to qualify for the loan.  In fact, Jackson Hewitt stated that it was still finalizing the product, which it described as "no simple undertaking." *Id.*

H&R Block required more information to assert a claim for infringement.  The preseason loan patent covers products that issue loans based upon estimated tax refund using certain information, for example historical tax refund information and year-to-date income and expense information.  The patent would not cover loans based solely on more traditional techniques of evaluating loans.  Since Jackson Hewitt did not release any details about its preseason product in the September call with investors, H&R Block required more information before it could form a belief as to whether Jackson Hewitt infringed the preseason loan patent.  Days before filing its amended complaint and before advertising on its website, H&R Block discovered from a voicemail of a Jackson Hewitt office that its product would be based on a paycheck stub and available after completing a "tax planner." H&R Block filed its motion to amend within days.

**2.     H&R Block elected not to include an abandoned product in the original complaint to conserve party and judicial resources**

Jackson Hewitt criticizes H&R Block for not adding the preseason loan patent to the original complaint, but as H&R Block previously explained, it chose not to include the preseason loan patent because Jackson Hewitt had abandoned its preseason loan product well before the original complaint. *H&R Block Motion* at 2, 7. Notably, Jackson Hewitt does not dispute that at the time this lawsuit was filed, it has publicly announced its abandonment of its preseason product. Jackson Hewitt's decision to resurrect a pre-season product revived H&R Block's previous concerns and justify the amendment in this case. *ConnecTel, LLC v. Cisco Sys.*, 2006 U.S. Dist. LEXIS 46015 (allowing amended claims when some facts supporting the claim occurred before the deadline to amend because some of the most important facts supporting the claim occurred after the deadline). H&R Block should not be penalized for opting to conserve the resources of the parties and the Court by electing not to bring a claim over an abandoned product. Rather, this decision is evidence of H&R Block's good faith, rather than any motive that would justify denial of a motion to amend. Indeed, under Jackson Hewitt's logic, parties would be forced to bring claims over abandoned products on the off chance that those or similar products were revived. Such a claim is contrary to judicial economy and efficiency. H&R Block has adequately explained the timing for its new claim.[1]

---

[1] Jackson Hewitt also asserts, without basis, that the preseason loan patent is unrelated to the patents already at issue. This claim is not only an insufficient basis upon which to deny amendment, but also untrue. As H&R Block explained in its motion, there is a substantial overlap in facts so that judicial resources will be conserved by allowing the claims to be brought in the same suit. For example, the named inventor on all Block patents at issue is the same and the loan proceeds from Jackson Hewitt's infringing preseason loan product may be placed on the original infringing ipower CashCard.

70447252.3

3.    **The parties have sufficient time to complete investigations before the October 2009 *Markman* hearing and discovery before the May 2010 trial date**

Jackson Hewitt does not, and cannot, argue it lacks ample time to complete its investigation and discovery of the preseason patent before the scheduled *Markman* and trial dates.   Instead, Jackson Hewitt effectively argues that it will be prejudiced by having to respond to the new claim, not by the timing of the claim.   This is not prejudice that can justify denying a motion to amend.  The court can eliminate the claimed prejudice to Jackson Hewitt by adjusting the dates for patent contentions and *Markman* briefing in the docket control order.

The parties have sufficient time to include the preseason loan patent in this case. H&R Block served its amended infringement contentions with the preseason loan contentions on December 3rd, the date provided on H&R Block's proposed docket control order.   Based on this revised schedule, Jackson Hewitt's amended invalidity contentions would be due on February 11, 2009, almost *three months* after the motion to amend the complaint. Although this is more than sufficient time to draft invalidity contentions, H&R Block is of course willing to submit a modified, mutually agreed-upon schedule as necessary.

To show an example of prejudice of a late filed claim, Jackson Hewitt relies on a case where discovery was substantially complete, which is not the circumstance here.  *See Opposition* at p. 6.  In *Semiconductor Energy*, the court denied a motion to amend based on a four month delay when discovery was substantially complete.  *Semiconductor Energy Lab. Co. v. Sanyo N. Am. Corp.,* No. C.A. 00-018-GMS, 2001 WL 194303, at *2-3 (D.Del. Feb. 22, 2001).  Here, contrary to Jackson Hewitt's arguments, extensive activity has not taken place. Thus far, parties have merely exchanged some documents, infringement and invalidity contentions have been served.   Only one deposition has been conducted, and no other

-5-

discovery has taken place; no interrogatories, requests for production, or requests for admission have been propounded.  The parties have more than a year from the motion to amend—December 30, 2009–to complete discovery.    Jackson Hewitt's allegations of prejudice must be rejected for what they are: a thinly-veiled attempt to avoid H&R Block's timely assertion of its claim.

## **Conclusion**

For the reasons set forth above, H&R Block respectfully requests leave to amend its complaint to incorporate the pre-season loan patent and to amend the docket control order.

Dated:  December 9, 2008

/s/Charles B. Walker, Jr.
Charles B. Walker, Jr.
State Bar No. 00794808
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone:  713/651-5203
Facsimile:  713/651-5246
Email: cwalker@fulbright.com


Jeffrey S. Standley
F. Michael Speed, Jr.
STANDLEY LAW GROUP LLP
495 Metro Place South, Suite 210
Dublin, Ohio 43017
Telephone: 614/792-5555
Facsimile: 614/792-5536

**ATTORNEYS FOR PLAINTIFF
H&R BLOCK TAX SERVICES, INC.**

-7-

## Certificate of Service

I hereby certify that a true and correct copy of this motion was served by CM/ECF on this

the 9th day of December, 2008 upon:

**Guy N Harrison**
Attorney at Law
P O Box 2845
Longview, TX 75606
903/758-7361
Fax: 19037539557
Email: guy@gnhlaw.com


/s/Charles B. Walker, Jr.